[Doc. No. 20]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
JOANN HOEHN,                    :
                                :
            Plaintiff,          :
                                :
      v.                        :   Civil No. 14-2860 (JS)
                                :
FCC FINANCE, LLC,               :
                                :
            Defendant.          :
_____:
```

## MEMORANDUM OPINION

This matter is before the Court on the "Motion for Summary Judgment" [Doc. No. 20] filed by defendant FCC Finance, LLC ("FCC"). The Court received the response in opposition from plaintiff Joann Hoehn [Doc. No. 24] and defendant's reply [Doc. No. 25]. The Court exercises its discretion to decide defendant's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 16]. For the reasons to be discussed, defendant's motion for summary judgment is DENIED.

## BACKGROUND

Plaintiff brings this action for damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), which prohibits debt collectors from

engaging in abusive, deceptive, and unfair practices. Compl. ¶ 1 [Doc. No. 1]. The original debt in this action arose from plaintiff's purchase of new windows and a door from Thermo Guard Windows on September 23, 2000 for the amount of $5,716.00. Def.'s Br., Ex. A; Def.'s Statement of Material Facts ("SMF") ¶ 1 [Doc. No. 20-1]. Pursuant to the contract, plaintiff was required to pay monthly installments of $137.48 for sixty months to Thermo Guard, Inc. SMF ¶ 2, Ex. A. Three transfers of ownership of the debt have since occurred. On October 24, 2000, Thermo Guard, Inc. assigned the contract to First Consumer Credit, LLC. On October 2, 2001, First Consumer Credit, LLC converted to First Consumer Credit, Inc. SMF ¶ 3. By agreement dated October 2, 2007, defendant FCC Finance, LLC purchased substantially all of the assets of First Consumer Credit, Inc., including plaintiff's contract. SMF ¶ 4.

Plaintiff alleges her debt was paid thirteen years prior to the defendant contacting her. Compl. ¶ 14. Nonetheless, plaintiff alleges that in or around May 2013, defendant's collectors began placing "repeated harassing telephone calls" to her cell phone to collect the alleged debt. Compl. ¶ 15.

### DISCUSSION

#### 1. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate where the court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any . . . demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The materiality of a fact turns on whether under the governing substantive law, a dispute over the fact might have an effect on the outcome of the suit. Id. The court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. See Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008) (citation omitted).

The moving party bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 322-23. Once the burden is met, the burden shifts to the non-moving party to "set forth specific facts showing that there [are] . . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and present affirmative evidence demonstrating that there is a genuine issue

3

for trial. Id. at 256-57. Additionally, "if the non-moving party's evidence 'is merely colorable, ... or is not significantly probative, ... summary judgment may be granted.'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 890-91 (3d Cir. 1992) (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).

**2. The Fair Debt Collections Practices Act (FDCPA)**

Defendant argues it is entitled to summary judgment because it is not a "debt collector" under the FDCPA. "The FDCPA's provisions generally apply only to 'debt collectors.'" Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (citation omitted). Section 1692a(6) of the FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Creditors, in contrast, "generally are not subject to the FDCPA." Id. However, "an assignee [creditor] may be deemed a 'debt collector' if the obligation is already in default when it is assigned." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000). "[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because

4

those terms are mutually exclusive." F.T.C. v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir. 2007).

Plaintiff argues defendant is a debt collector under the FDCPA because: (1) the debt was in default at the time it was assigned to defendant and (2) the principal purpose of defendant's business is debt collection or defendant regularly collects debt due to others. Defendant counters that: (1) the debt was not in default as of the date it was acquired and (2) there is nothing in the record to support a finding that the transfer of the Hoehn account to FCC was made solely in order to facilitate collection of the debt for another.

For the reasons to be discussed, the Court finds plaintiff has set forth evidence demonstrating there is a genuine issue of fact for trial on whether defendant is a debt collector subject to the FDCPA. Plaintiff has set forth evidence showing that a fact question exists as to: (1) whether plaintiff's debt was in default at the time it was assigned to defendant; (2) whether defendant regularly collects debts due to another as a bonded debt collector; and (3) whether plaintiff's debt was transferred for servicing and not collection.

The Court first considers whether plaintiff's debt was in default at the time it was assigned to defendant. The term "default" is not defined in the FDCPA. Plaintiff argues that in the absence of a statutory definition of default, courts use the

5

definition contained in the applicable contract or agreement to determine when the debt is in default. See Pl.'s Opp. at 3 (citing Hartman v. Meridian Financial Servs., Inc., 191 F. Supp. 2d 1031, 1044 (W.D. Wis. 2002); Prince v. NCO Financial Services, Inc., 346 F. Supp. 2d 744, 748 (E.D. Pa. 2004); Alamo v. ABC Fin. Servs., Inc., C.A. No. 09-5686, 2011 WL 221766, at *5 (E.D. Pa. Jan. 20, 2011); Kapsis v. American Home Mortg. Servicing, Inc., 923 F. Supp. 2d 430, 440-43 (E.D.N.Y. 2013)). Thus, plaintiff argues that "default" should be defined by the definition in plaintiff's contract, which provides:

> Default: Time is of the essence for purposes of this contract, and if the Buyer does not pay any installment within ten days from when it is due, if any bankruptcy or insolvency proceeding is commenced by or against the Buyer…Buyer is in default.

Pl.'s Opp., Ex. A ¶ 3. Plaintiff contends her contract went into default on March 5, 2005, ten days after her last payment and two years before the contract was purchased by defendant. SMF Opp. ¶ 4.

Other courts decline to accept the contract definition of "default" to determine if an entity is subject to the FDCPA. For example, in Magee v. AllianceOne, Ltd., 487 F. Supp. 2d 1024 (S.D. Ind. 2007), the court found it was improper to "leave[] it to the discretion of the creditor whether to declare default" by looking at the definition of default in the defendant's contract. Id. at 1026. Instead, the court considered the dictionary definition of

6

"default" and determined that a debt collector is an entity which contacts a consumer "specifically because a debtor has missed a payment, and the creditor believes the debtor is more likely to bring her account current if she is contacted by a third-party debt collector than if she receives a routine bill from the creditor." Id. at 1028. The court found that the defendant fell under this definition because it was hired specifically when a debtor missed a payment and referred to itself as a "debt collector" in its letters to the plaintiff. Accordingly, the Magee court found the defendant was subject to the FDCPA because the plaintiff's debt was in default at the time it was assigned.

The decision in Haber v. Bank of Am., N.A., C.A. No. 14-0169, 2014 WL 2921659 (E.D. Pa. June 27, 2014), articulates a third approach. The court considered both the contract definition approach and the Magee approach and held, "in this Court's view, the relevant question in this case is whether [the defendant], not the [plaintiffs], classified the debt as in 'default' at the relevant time." Id. at *15. The Haber court found that the plaintiffs provided sufficient evidence to support the inference that their mortgage was in default at the time Bank of America was assigned the debt. Id. Specifically, the plaintiff provided Bank of America's payment records and a letter which stated it wanted to help plaintiff "avoid foreclosure." Id. Accordingly, the court

7

found that plaintiff had plausibly demonstrated that Bank of America was a "debt collector" under the FDCPA.

As will be discussed, no matter what approach the Court uses there is a fact question as to whether plaintiff's debt was in default. For discussion purposes the Court employs the Haber approach and will consider whether defendant classified the debt as in default at the time it was assigned.[1] As in Haber, plaintiff has presented sufficient evidence to make this inference and avoid summary judgment. Plaintiff produced her payment history which reflects that no payment was made after June 16, 2005 (which was applied to a past due payment) and that a balance remained on the account following that payment. Pl.'s Opp., Ex. B. Defendant did not acquire plaintiff's account until October 2, 2007, over two years later. In further support of her position, plaintiff produced a March 9, 2012 letter from defendant which states that if plaintiff makes a payment, her account will become "current." Def.'s Reply Br., Ex. A [Doc. No. 25-1]. This language could indicate that defendant considered plaintiff's account to be in default at that time. Plaintiff has also produced a May 16, 2013 letter from defendant which attempts to modify plaintiff's payment

---

[1] Even if the Court employed the contract definition or Magee approach the result would be the same in that a genuine dispute of material fact exists as to whether the debt was in default at the time of the assignment. Under the contract terms approach, plaintiff provided her payment history which shows the debt was in default 10 days after her last payment was due. Under the Magee approach, plaintiff produced defendant's surety bonds which authorize it as a third party debt collector.

8

terms. Pl.'s Opp. Ex. E. At the bottom of both letters defendant states: "THIS IS AN ATTEMPT TO COLLECT A DEBT." Pl.'s Opp., Ex. E; Def.'s Reply, Ex. A. Additionally, plaintiff produced defendant's Third Party Debt Collector Surety Bonds which authorizes defendant as a debt collector in New Jersey and Texas. Pl.'s Opp., Exs. C and D. This evidences there is a fact question as to whether defendant regularly collects debts due to another.

Defendant argues plaintiff's debt was not in default at the time it was assigned because the account was current when it was assigned to its predecessor-in-interest, First Consumer Credit, LLC. Defendant points out that the FDCPA excludes from the definition of "debt collector" any person collecting debts for another when both entities are related by common ownership or affiliated by corporate control and the entity acting as a debt collector does so only for the other entity. Def.'s Reply Br. at 5-6 (citing 15 U.S.C. § 1692a(6)(B)). However, defendant has not produced admissible evidence that it and First Consumer Credit, LLC are related by common ownership or affiliated by corporate control or that it only collects debt for First Consumer Credit, LLC. Because the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party, defendant's unsupported argument is rejected.

Defendant also argues there is nothing in the record to support a finding that the transfer of the Hoehn account to

9

defendant was made solely in order to facilitate collection of plaintiff's debt for another. Def.'s Reply Br. at 2. [Doc. No. 25]. The only specific evidence defendant offers in support of its contention that it did not acquire plaintiff's debt solely for the purpose of debt collection is that defendant attempted to enter into a loan modification agreement with plaintiff. Def.'s Reply Br. at 4. Defendant cites Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC, 2015 U.S. Dist. LEXIS 66930 (D. Md. 2015), without comment, to support its position. In Ademiluyi, the defendant argued that it was not a "debt collector" under the FDCPA because: (1) the debt was not in default at the time it was acquired and (2) it did not acquire the debt "solely for the purpose of collection." Id. at *40. In support of its argument that the debt was not acquired solely for the purpose of collection, the defendant argued that it attempted to first modify the loan before seeking foreclosure. Id. at *41. Without discussing the defendant's second argument, the court found that the defendant was not a debt collector because the debt was not in default when it was acquired. Id. The court did not discuss the defendant's argument that the loan modification agreement was evidence defendant did not acquire the debt "solely for the purpose of collection." Thus, the Court finds Ademiluyi unpersuasive.[2]

---

[2] Defendant also cites Henson v. Santander Consumer USA, Inc., C.A. No. 12-3519, 2014 WL 1806915, at *5 (D. Md. May 6, 2014), reconsideration denied, 2015 WL 433475 (D. Md. Feb. 2, 2015). In that case, the court found that the

10

Further, in Haber, the court found that the plaintiff plausibly demonstrated that the defendant was a debt collector even though it sent the plaintiff a letter asking him to call the defendant because it "want[ed] to help [plaintiff] avoid foreclosure." Haber, 2014 WL 2921659, at *50. Thus, there is a fact question as to whether the assignment was made for a reason other than to facilitate the collection of plaintiff's debt, particularly given that defendant is a bonded debt collector.

For these reasons, plaintiff has provided sufficient evidence to withstand summary judgment. Plaintiff has produced evidence that defendant classified plaintiff's debt as in default at the time of the assignment. Plaintiff has also produced evidence that defendant is a bonded debt collector in New Jersey and Texas. Further, there is a fact question as to whether defendant attempted to acquire plaintiff's debt for a purpose other than debt collection.

**CONCLUSION**

---

plaintiff had not plausibly pleaded that the defendant fell under the assignee exception. The court found that the plaintiff had not provided evidence the defendant acquired the debt solely for the purpose of collection. Id. at *11. However, in that case, the plaintiff simultaneously argued the defendant was a servicer and a debt collector. Id. In contrast, in this case, plaintiff does not allege defendant is a servicer. Further, plaintiff produced letters sent by defendant which state that defendant was attempting to collect a debt, as well as defendant's Third Party Debt Collector Surety Bonds which authorize defendant as a debt collector in New Jersey and Texas.

    Defendant also cites Allen v. Bank of Am., N.A., 933 F. Supp. 2d 716, 729 (D. Md. 2013) and Padgett v. OneWest Bank, FSB, C.A. No. 10-08, 2010 WL 1539839 (N.D.W.Va. Apr. 19, 2010). In both cases, the defendant-mortgagees were characterized as creditors because they both serviced the loan and attempted to collect any amount in default.

Accordingly, for all the foregoing reasons, defendant FCC Finance LLC's motion for summary judgment [Doc. No. 20] is DENIED. An appropriate Order follows.

                                            s/ Joel Schneider
                                            JOEL SCHNEIDER
                                            United States Magistrate Judge

Dated: August 27, 2015